**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MARCOS DaSILVA and MATTEUS FERREIRA, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:16-cv-11205-PBS |
| v. | ) ) ) | **LEAVE TO FILE GRANTED** |
| BORDER TRANSFER OF MA, INC., and PATRICK McCLUSKEY, Defendants. | ) ) ) ) ) | **ON 5/1/17** |

**AMENDED CLASS ACTION COMPLAINT**

### I.  INTRODUCTION

1.      This is an action brought on behalf of current and former Massachusetts delivery drivers of Defendant Border Transfer of MA, Inc. ("Border Transfer"), who were deprived of wages due to them under the Massachusetts Wage Act in violation of M.G.L. c. 149, § 148.  The above-named plaintiffs bring this action on behalf of themselves and on behalf of a class of similarly situated persons who have worked as delivery drivers for Defendants in Massachusetts for statutory claims that stem from the same wage act violations.

### II.  THE PARTIES

2.      Plaintiff Marcos DaSilva is an adult resident of Sudbury, Massachusetts.  From approximately November 2014 to July 2015, Plaintiff DaSilva worked for Border Transfer in the Commonwealth of Massachusetts as a delivery driver delivering Sears merchandise.

3.      Plaintiff Matt Ferreira is an adult resident of Everett, Massachusetts.  From approximately April 2012 to November 2015, Plaintiff Ferreira worked for Border Transfer in the Commonwealth of Massachusetts as a delivery driver delivering Sears merchandise.

4.      The above-named plaintiffs bring this action on behalf of a class of similarly-situated individuals, namely, all other persons and who have executed contract carrier agreements (either personally or on behalf of corporate entities) and who personally provided delivery services for Border Transfer in Massachusetts.

5.      Defendant Border Transfer of MA, Inc., is a foreign corporation incorporated under the laws of Michigan, with its headquarters in Hendersonville, Tennessee.  Border Transfer does business in Massachusetts and operates delivery facilities in Massachusetts.

6.      Defendant Patrick McCluskey is an adult resident of Gallatin, Tennessee. McCluskey was listed as the president of Border Transfer of MA, Inc. in the company's 2014 filings with the Michigan Department of Licensing and Regulatory Affairs and as the director of Border Transfer of MA, Inc. in its filings with the Massachusetts Secretary of State in 2013, 2014, 2015, and 2016.  As the president and director of Border Transfer of MA, Inc., McCluskey has had an active role in managing the corporation.

## III.   JURISDICTION

7.      The Court has personal jurisdiction over Plaintiffs and the class they seek to represent because they are citizens of the Commonwealth of Massachusetts and work in the Commonwealth of Massachusetts.

8.      The Court has personal jurisdiction over Defendants because they do business in the Commonwealth of Massachusetts and their conduct in the Commonwealth of Massachusetts underlies all claims in this suit.

9.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

## IV.    STATEMENT OF FACTS

10.     Border Transfer is in the business of providing the delivery of retail merchandise for its large retail store/big box customers.  Border Transfer provides delivery services for companies such as Sears.  In order to carry out these deliveries, Border Transfer purports to contract with individuals such as Plaintiffs, to drive a delivery truck and to deliver retail merchandise to Sears customers' homes.

11.     In order to do this work, Border Transfer required the Plaintiffs to sign an agreement which stated that Plaintiffs were independent contractors.

12.     Although Border Transfer thus classified the Plaintiffs, as well as other class plaintiffs, as independent contractors, the control manifested over the drivers by Border Transfer as well as the drivers' inability to maintain an independently established business demonstrates that they qualify as Border Transfer's employees under the Massachusetts Wage Act.  The following facts support this claim:

a.      Plaintiffs, as well as numerous other class plaintiffs, are required to report to a facility maintained by Border Transfer and Sears in Westwood, Massachusetts, by 6 a.m., five days a week, at which time they would be provided with a list of deliveries to make.

b.      Plaintiffs, as well as other class plaintiffs, are required to attend 15 to 20-minute morning meetings with Border Transfer and Sears personnel where they receive instruction on aspects of deliveries such as how to assemble equipment and how to interact with customers.

c.      Plaintiffs, as well as the other class plaintiffs, are instructed to load the goods to be delivered onto their trucks in a specific order.

d.      Plaintiffs, as well as other class plaintiffs, are required to make deliveries in the order dictated by daily manifests provided to them by Border Transfer.  Plaintiffs are further required to make deliveries in two-hour time windows specified by Border Transfer in the manifests and Border Transfer and Sears specify how long Plaintiffs are given to make each delivery.

e.      Plaintiffs, as well as other class plaintiffs, are required by Border Transfer and Sears to log the completion of each delivery throughout the day on a cellphone application monitored.

f.      Plaintiffs, as well as the other class plaintiffs, are required to wear uniforms when making deliveries for Border Transfer.

g.      Plaintiffs, as well as the other class plaintiffs, are required to carry a cell phone so that they may receive calls from Border Transfer and Sears.  Border Transfer and Sears contact Plaintiffs during the day with instructions related to cancellations and rescheduling of deliveries.

h.      Plaintiffs, as well as the other class plaintiffs, are required to be in contact with Border Transfer and Sears dispatchers regarding the status of deliveries, including whenever there was a problem with a delivery.

i.      Plaintiffs, as well as other class plaintiffs, are required to return haul-aways, equipment that customers want removed from their homes or businesses after delivery of new equipment, back to the warehouse in Westwood, Massachusetts the same day.

j.      Plaintiffs, as well as other class plaintiffs, are not permitted to use helpers to make

deliveries unless those helpers have passed background checks conducted by an

agent of Border Transfer.

k.      Border Transfer retained the right to terminate any of the delivery drivers'

helpers.

13.     Border Transfer requires delivery drivers with which it contracts to have or lease

a truck that meets specifications determined by Border Transfer.

14.     Border Transfer keeps track of Plaintiffs' performance through customer ratings

and posts their scores daily.  Border Transfer will suspend Plaintiffs if their rating drops below a

certain level.

15.     Border Transfer also requires delivery drivers with which it contracts to obtain

insurance, including automobile liability, commercial general liability, umbrella liability, cargo,

and worker's compensation coverage, at levels dictated by Border Transfer.

16.     Border Transfer retained the right to terminate the contract with its delivery

drivers without cause.

17.     Plaintiffs, as well as the other class plaintiffs, performed and/or perform work

which is integral to the business of Border Transfer – i.e., they perform delivery services and

Border Transfer is engaged in the business of providing delivery services to its customers.

18.     Plaintiffs, as well as the other class plaintiffs, do not have an independently

established trade or business in that they are dependent upon Border Transfer for their work, they

do not negotiate with Border Transfer customers regarding the rates charged for their services,

and they are not permitted to contact Border Transfer customers independent of Border Transfer.

19.     Plaintiffs are not permitted to subcontract or assign their rights under their agreement with Border Transfer to another delivery driver.

20.     Border Transfer deducts certain expenses directly from the compensation it pays, including when Border Transfer determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property), Border Transfer will deduct the costs of such damage from pay checks.  Border Transfer also makes deductions for things such as the costs of providing uniforms.

21.     When Plaintiffs are unable to complete a delivery or when Plaintiffs are unable to work after they have confirmed that they are available, Border Transfer will deduct the costs of paying for another driver to complete those deliveries.

22.     Border Transfer further compels Plaintiffs to incur certain expenses which are required to be borne by an employer, such as for worker's compensation coverage, cargo insurance, fuel costs, vehicle maintenance costs, and payments to helpers.

23.     In his role as president and director of Border Transfer, McCluskey has managed Border Transfer and has had a substantial role in formulating Border Transfer's policies regarding how it classifies and compensates its delivery drivers.

24.     Plaintiffs DaSilva and Ferreira filed complaints with the Fair Labor Division of the Massachusetts Attorney General's Office claiming they were misclassified as independent contractors and that Border Transfer's practices violated M.G.L. c. 149, § 148, and the Attorney General's Officer authorized their private rights of action on June 20, 2016.

**COUNT I**
**Massachusetts Wage Law**

25.     Plaintiffs reallege and incorporate by reference herein all allegations in all preceding paragraphs.

26.     Plaintiffs and similarly situated drivers are employees of the Defendant pursuant to the Massachusetts Wage Law, M.G.L. c. 149, §148.

27.     As a result, the actions of the Defendants as set forth above in deducting certain expenses from its workers' pay, including for damage claims and uniforms, and by requiring those workers to pay for worker's compensation coverage and cargo insurance are unlawful under the Massachusetts Wage Law, M.G.L. c.149, §148, and c. 149, §150.

## CLASS ALLEGATIONS

28.     Plaintiffs bring this action individually and on behalf of a class of individuals similarly situated pursuant to Fed. R. Civ. P. 23.

29.     The class of individuals similarly situated are all individuals like the Plaintiffs who have performed or currently perform delivery services for Border Transfer as delivery drivers within the Commonwealth of Massachusetts.

30.     The Class meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure.  At least 40 drivers have performed delivery services for Border Transfer in Massachusetts during the applicable statutory period.

31.      The Plaintiffs' claims related to their misclassification are not only typical of the claims of putative class members, they are identical.

32.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

33.     Common issues, such as whether Border Transfer's policy of making unauthorized deductions the Plaintiffs' pay violates the Massachusetts Wage Act, predominate over any individualized issues.

34.     A class action is the superior method of trying these claims. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, seek the following relief:

A.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Designation of Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class Counsel;

C.     Pre-judgment interest and post-judgment interest as provided by law;

D.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E.     Attorneys' fees and costs of the action;

F.     Statutory damages pursuant to M.G.L. c. 149, § 150;

G.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under M.G.L. c. 149, § 148;

H.      Application of statutory treble damages;

K.      Such other relief as this Court shall deem just and proper.

WHEREFORE, the Plaintiffs pray that this Court grant them appropriate compensatory relief, attorneys' fees, interests and costs to certify this action to proceed as a class action under Rule 23.


DATED:  May 1, 2017

Respectfully Submitted,
MARCOS DaSILVA, et al., individually
and on behalf of all others similarly
situated,
By their attorneys,


  /s/ Harold L. Lichten               
Harold L. Lichten BBO# 549689
Benjamin J. Weber BBO# 673736
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994 5800
hlichten@llrlaw.com
bweber@llrlaw.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2017, the foregoing document was filed electronically through the ECF System and is available for viewing and downloading from the ECF System, that it will be sent electronically to counsel of record identified as registered participants on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants.

/s/ Harold L. Lichten
Attorney for Plaintiffs

10