UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARCOS DaSILVA and MATTEUS FERREIRA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BORDER TRANSFER OF MA, INC. and PATRICK MCCLUSKEY, <br><br> Defendants. | Case No. 16-cv-11205-PBS |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE CLASS LIST, TO PERMIT PLAINTIFFS TO ADMINISTRER CLASS NOTICE IN-HOUSE, AND FOR SANCTIONS AND ATTORNEY'S FEES**

It is universally accepted that once a class has been certified, pursuant to Fed. R. Civ. P. 23(b)(3), absent class members "must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985); Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 173 (1974) ("[T]he court is required to direct to class members 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.' We think the import of this language is unmistakable. Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort."). On November 9, 2017, this Court granted Plaintiffs' motion for class certification under Rule 23 and certified a class of Defendants' current and former delivery drivers. ECF No. 95. It is, thus, Class Counsel's obligation to make sure that notice is sent out as soon as possible to the class

members.  Defendants, however, have completely obstructed Class Counsel's efforts to send out notice of this lawsuit to the class by refusing to produce a class list and insisting on the use of a third-party administrator.  Defendants should not be permitted to delay notice to the class any further.  As demonstrated below, there is absolutely no merit to Defendants' position.

Defendants are impermissibly delaying notice to the class.[1]  Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, Plaintiffs now move this Court for an order compelling Defendants to produce a class list and allow Plaintiffs' counsel to send out notice to the class of approximately 60 individuals.

### A. DEFENDANTS MUST PRODUCE THE CLASS LIST AND PERMIT PLAINTIFFS TO ISSUE NOTICE TO ABSENT CLASS MEMBERS.

There is absolutely no support for withholding the class list or requiring Class Counsel to issue notice through a third-party administrator.  As for who issues the notice, courts have routinely rejected requests made by defendants to require the wasteful use of a third-party administrator when issuing notice to potential class members of their opportunity to opt-in under § 216 of the FLSA.  See, e.g., Jennings v. 20/20 Comm'ns, Inc., No. 15-04080 (June 22, 2107 N.D. Cal.) (ECF No. 193) (rejecting request by defendant for use of a third-party administrator and permitting Plaintiffs' counsel in this lawsuit to issue notice in-house) (Order attached as Ex. B); Woods v. Club Cabaret, Inc., 140 F. Supp. 3d 775, 784 (C.D. Ill. 2015) ("Defendant fails to explain how receipt of a

---

[1] Furthermore, Plaintiffs have attempted to confer with Defendants regarding the content of the notice.  On November 28, 2017, Plaintiffs sent a draft of the class notice to counsel for Defendants, but have received no response from Defendants regarding the content of the notice.  A copy of the draft notice is attached here as Ex. A.

notice from a third-party administrator as opposed to Plaintiff's counsel in any way addresses [privacy concerns]"); Bonner v. SFO Shuttle Bus Co., 2013 WL 6139758, at *4 (N.D. Cal. Nov. 21, 2013) ("[A]ppointment of an administrator seems an unnecessary expenditure at this stage."); Williams v. U.S. Bank Nat. Ass'n, 290 F.R.D. 600, 614 (E.D. Cal. 2013) (denying defendant's request to have notice issued by third-party administrator); Sanchez v. Sephora USA, Inc., 2012 WL 2945753, *5 (N.D. Cal. July 18, 2012) (determining that "Plaintiff's counsel may disseminate notice to the class"); Stanfield v. First NLC Fin. Servs, LLC, 2006 WL 3190527, *5 (N.D. Cal. Nov. 1, 2006) (permitting plaintiff's counsel to disseminate notice because "[o]rdering a third-party administrator will add to Plaintiffs' financial burden."); Pippins v. KPMG LLP, 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) ("So long as Plaintiffs are prepared to assume the burden of issuing notice while engaged in ... discovery, Plaintiffs are welcome to issue the notice."); Williams v. Trendwest Resorts, Inc., 2006 WL 3690686, *7 (D. Nev. Dec. 7, 2006) (denying defendants' request to have third-party administrator send notice). Moreover, Class Counsel have a full-time class action administrator on staff frequently and efficiently administers notice in class and collective actions in-house.[2]

---

[2]   See, e.g., Reyes v. East Coast Lot, No. 16-592 (D.R.I.); Hodzic v. Federal Express Ground, No. 15-956 (W.D. Pa.); Taylor v. FTS, No. 15-4461 (N.D. Ga.) Saunders v. Getchell Agency, No. 13-244 (D. Me.); Scantland v. Knight Enterprises, No. 09-1985 (M.D. Fla.); Dittus v. KEG, Inc., No. 14-300 (D.S.C.); Simmons v. Kilnapp Enterprises, No. 13-551 (Mass. Super. Ct.); Sheehan v. RCN Management Corp., No. 16-cv-10509, Dkt. No. 25 (D. Mass.); Williams et al. v. King Bee Delivery, LLC et al., 15-cv-00306, (E.D. Ky.); Beasley et al. v. Custom Communications, Inc., 15-cv-583 (W.D.N.C.); Benion et al. v. LeCom, Inc., C.A. No. 15-14367 (E.D. Mich. May 13, 2016); Bentley et al. v. LeCom, Inc., C.A. No. 16-13640 (E.D. Mich. Apr. 12, 2017); Swinney v. AMcomm Telecommunications, Inc., C.A. No. 12-12925 (E.D. Mich. Aug. 23, 2013); Gerges v. Enterprise Systems Software, LLC, Civ. A. No. 15-cv-1816 (N.D. Oh.); Scribner v. Ocean State Jobbers, Inc., Civ. A. No. 14-cv-11633 (D. Conn.); Carlone v. Progressive Cas. Ins. Co., 12-cv-00207 (D. Conn.); Bubel v. Progressive Cas.

There is much stronger rationale for allowing Class Counsel to obtain the class list and sent out notice in-house in this case than in the context of a FLSA collective action. While an order permitting notice under the FLSA merely opens the door for potential plaintiffs to opt-in to the case, this Court's order granting class certification in this case under Rule 23 created an attorney-client relationship between Class Counsel and absent class members.[3] See, e.g., Fulco v. Continental Cablevision, Inc., 789 F. Supp. 45, 47 (D. Mass. 1992) ("'[O]nce the court enters an order certifying a class, an attorney-client relationship arises between all members of the class and class counsel.'" (quoting Bower v. Bunker Hill Co., 689 F. Supp. 1032, 1033 (E.D. Wash. 1985))); Gortat v. Capala Bros., Inc., 2010 WL 1879922, *2 (E.D. N.Y. 2010) ("In other words, class certification gives rise to an attorney-client relationship between potential class members and class counsel."). Many other courts have reached the same conclusion. Van Gemert v. Boeing Co., 590 F.2d 433, 440 n.15 (2d Cir. 1978) (en banc) ("[a] certification under

---

Ins. Co., Civ. A. No. 14-cv-00162; Vaughn et al. v. Rescue Rangers, LLC et al., 15-cv-00656 (E.D. Va. Jan. 13, 2016); Kayler et al. v. Rescue Rangers, LLC, 16-cv-00788 (E.D. Va. April 25, 2017); Morris et al. v. Barefoot Communications, Inc., 15-cv-01115 Dkt. 34 (D.S.C. Feb. 22, 2017).

Indeed, Class Counsel have distributed class notice in-house in at least three cases litigated against Defendants' counsel's law firm without any issues. See Brandon v. 3PD, Inc., No. 13-3745 (N.D. Ill.); Martins v. 3PD, Inc., No. 11-11313 (D. Mass); Vargas v. Spirit Delivery and Distribution Services, Inc., No. 13-12635.

[3]  Furthermore, Defendants' request to use a third-party administrator is needlessly wasteful and can only result in further delay of notice to the class. A third-party administrator will likely cost thousands of dollars. As discussed above, however, the class consists of approximately 60 individuals living mostly in Massachusetts and Rhode Island. Class Counsel have ably issued notice in cases with far more class members spread over much larger areas. See, e.g., Williams et al. v. King Bee Delivery, LLC et al., 15-cv-00306, (E.D. Ky.) (issuing notice to approximately 400 delivery drivers living in Kentucky, Indiana, and Ohio); Beasley et al. v. Custom Communications, Inc., 15-cv-583 (W.D.N.C.) (issuing approximately 1,100 notices to cable installers living in Maryland, Virginia, North Carolina, South Carolina, and Georgia); Brandon v. 3PD, No. 13-3745 (issuing notice to more than 250 delivery drivers in Illinois).

Rule 23(c) makes the Class the attorney's client for all practical purposes."); In Re Federal Skywalk Cases, 97 F.R.D. at 376 ("On October 29, 1982 [i.e., date on which court certified a Rule 23(b)(3) class], this Court expressly created an attorney-client relationship between the counsel appointed to represent the class and those class members who did not have individual attorneys representing them"); Tedesco v. Mishkin, 629 F.Supp. 1474, 1483 (S.D.N.Y.1986) (class certification gives rise to an attorney-client relationship between potential class members and class counsel).

Defendants' refusal to produce a class list is even more unsupportable. Indeed, many courts have held that a class list should be produced even prior to class certification.[4] See, e.g., Doyon v. Rite Aid Corp., 279 F.R.D. 43, 46-48 (D. Me. 2011) (ordering production of putative class members' names and contact information prior to certification of Rule 23 class action under state wage and hour laws); In re Bank of America Wage & Hour Employment Practices Litig., 275 F.R.D. 534, 539 (D. Kan. 2011) (ordering production of class members' information in class action because "[i]t appears reasonably likely that these former employees would possess information about the extent of the [challenged] policy or plan"); Titre v. S.W. Bach & Co., 2005 WL 1692508, at *2 (S.D. Fla. 2005) (same, where putative class members "would be likely to have relevant information…"); Babbit v. Albertson's, Inc., 1992 WL 605652, *5–6 (N.D. Cal. Nov. 30, 1992) (requiring pre-certification production of class members' contact information; "[d]efendant has access to this information, and plaintiff should have the same access"). Thus,

---

[4]    Plaintiffs requested a class list in discovery, but Defendants objected on the grounds that such discovery was not proper until after a class had been certified. Plaintiffs have asked that Defendants supplement their discovery responses, but have not received a response to that request.

5

having certified the class under Rule 23, this Court must order the production of the class list now.

Defendants may argue that the absent class members are not Class Counsel's clients until after the opt-in period expires. This argument runs directly contrary to this court's holding in Fulco that "once the court enters an order certifying a class, an attorney-client relationship arises between all members of the class and class counsel." Fulco, 789 F. Supp. at 47-48 (quoting Bower, 689 F.Supp. at 1033 (citing Resnick v. American Dental Ass'n, 95 F.R.D. 372, 377 (N.D.Ill.1982) ("Without question the unnamed class members ... are 'represented by' the class counsel"). Moreover, in expressly rejecting Defendants' anticipated argument in this case, "[a] number of courts have held that this relationship arises once the class has been certified and not only at the end of the opt-out phase."[5] Gortat v. Capala Bros., 2010 WL 1879922, at *2 (E.D.N.Y. May 10, 2010) (emphasis added) (citing Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1207 n. 28 (11th Cir.1985) (finding that "[a]t a minimum, class counsel represents all class members as soon as a class is certified ... if not sooner"); Van Gemert, 590 F.2d at 440 n. 15; Fulco, 789 F.Supp. at 47; Tedesco, 629 F.Supp. at 1483 (noting that the relationship arises "at least for the limited purpose of aiding prospective class members in deciding whether or not to join in the class action")) (emphasis added). Thus, Class Counsel should certainly be able to see the class list now that a class has been certified.

---

[5] Some courts have concluded that something less than a traditional "attorney-client relationship" exists between class counsel and absent class members during the opt-out phase. See, e.g., In re Cmty. Bank of N. Virginia, 418 F.3d 277, 313 (3d Cir. 2005). Yet even these courts have held that some type of relationship exists during the opt-out phase and that "there is little authority for limiting contact between class counsel and absent class members during the opt-out stage of class litigation." Walney v. Swepi LP, 2017 WL 319801, at *13 (W.D. Pa. Jan. 23, 2017) (citing In re Cmty. Bank of N. Virginia, 418 F.3d at 313).

### B. THE COURT SHOULD ORDER SANCTIONS AND ATTORNEY'S FEES TO PLAINTIFFS

Defendants' actions in delaying notice to the class should result in sanctions and attorney's fees. Federal Rule of Civil Procedure 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Under Rule 37(b), this court has the ability to levy sanctions if "if a party fails to obey an order...." Porcal v. Ciuffo, 2011 WL 6945728, at *2 (D. Mass. Nov. 21, 2011). "In addition to the ability to sanction under Rule 37, this Court has broad inherent powers, not governed by rule or statute, that permit it to sanction parties." Id.

Defendants' own responses to Plaintiffs' requests for the class list demonstrate that their position is frivolous. In an effort to have notice issued to the class, on November 14, 2017, less than a week after the class was certified, Plaintiffs requested that Defendants produce a class list and supplement their discovery responses. See Email from Ben Weber dated Nov. 14, 2017 (attached as Ex. C). Defendants waited until November 27, 2017, to provide a response and then only did so to ask for more time. See Email from Paul Root dated Nov. 27, 2017 (attached as Ex. D). Only after Class Counsel insisted on a substantive response, Defendants declared that they would not allow notice to go out unless Plaintiffs agreed to use a third-party administrator and that Defendants would withhold the class list until the end of the opt-in period. See Email from Andy Butcher dated Nov. 28, 2017 (attached as Ex. E). Plaintiffs responded that Class Counsel had a right to interact with their clients and had, in fact, issued notice in-house on cases where counsel for Defendants was on the other side without objection. See Email from Ben Weber dated November 28, 2017 (attached as Ex. F); Email from Adam Smedstad dated Nov. 28, 2017 (attached as Ex. G). On November 29, 2017, Plaintiffs showed Defendants overwhelming authority where courts rejected requests to have notice issued by third-party

administrators, instead of by class counsel.  Email from Ben Weber dated Nov. 29, 2017 (attached as Ex. H).  Without any supporting authority for its position, Defendants refused to agree to let notice go out or provide a class list and instead flippantly asked, "What lawyer needs to know his own client's contact information?"  Email from Adam Smedstad dated Nov. 29, 2017 (attached as Ex. I).

Defendants have ignored this Court's order granting class certification under Rule 23, which by its very nature creates an obligation to produce a class list and permit Class Counsel to send out notice in-house.  Moreover, by maintaining a frivolous position regarding the class list and the issuance of notice, Defendants have created the need for the filing of this motion.  The Court should now order appropriate sanctions and attorney's fees.

## **CONCLUSION**

For the reasons stated above, the Court should compel Defendants to produce a class list and permit Class Counsel to send the attached notice in-house to the absent class members informing them of this lawsuit.  Furthermore, the Court should order appropriate sanctions and attorney's fees resulting from the filing of this motion.

DATED:  December 5, 2017

Respectfully Submitted,
MARCOS DaSILVA, et al., individually
and on behalf of all others similarly
situated,
By their attorneys,

  /s/ Harold L. Lichten
Harold L. Lichten BBO# 549689
Benjamin J. Weber BBO# 673736
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994 5800
hlichten@llrlaw.com
bweber@llrlaw.com

**CERTIFICATE OF LOCAL RULE 37.1 CONFERENCE**

Plaintiffs conferred with counsel for Defendants on November 27, 2017 and November 29, 2017 regarding the parties' positions on class notice.  On November 29, 2017, Plaintiffs informed counsel for Defendants that Plaintiffs would move forward with a motion to compel unless Defendants agree to promptly provide a class list and permit Plaintiffs to distribute notice to absent class members.  Counsel for Defendants responded that they would not change their position.

/s/ Harold L. Lichten
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2017, the foregoing document was filed electronically through the ECF System and is available for viewing and downloading from the ECF System, that it will be sent electronically to counsel of record identified as registered participants on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants.

/s/ Harold L. Lichten
Attorney for Plaintiffs