## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                        )
MARCOS DaSILVA and MATTEUS                )
 FERREIRA, on behalf of themselves          )
and all others similarly situated,              )
                                                        )
Plaintiffs,                                           )        Case No. 16-cv-11205-PBS
                                                        )
v.                                                       )
                                                        )
BORDER TRANSFER OF MA, INC.              )
Defendant.                                           )
_____)

### PLAINTIFFS' FIRST SET OF INTERROGATORIES

Plaintiffs, on behalf of themselves and all other similarly situated persons, known and

unknown (the "Plaintiff Class"), and pursuant to Fed. R. Civ. P. 33, request that Defendant

Border Transfer of MA, Inc. ("Border Transfer") answer the following Interrogatories within

thirty (30) days, separately, in writing, and under oath. The instructions and definitions to be

utilized in complying with this and any other discovery request are:

### DEFINITIONS AND INSTRUCTIONS

A.      This discovery is addressed to Defendant Border Transfer and its agents and

attorneys. If the requested information or documents are known by Defendant to exist but are

not in the possession of Defendant, its agents or attorneys, it is requested that Defendant so

indicates or produces information or documents identifying who has custody of such documents.

B.      As used in this discovery:

(a)   "Relative Time Period" means June 1, 2013 through the present.

(b) "Communication" means all methods and manner of information transfer,
including oral, written and visual, through any medium whatsoever, and shall include, but shall

not be limited to, correspondence, meetings, telephone conversations, telexes, facsimiles, and electronic mail.

(c)  "Date" means the exact year, month and day, if known.  If not known, "date" means the best approximation thereof.

(d)  "Document" shall have the broadest meaning allowed by the Federal Rules of Civil Procedure.  The term shall include, but shall not be limited to the following originals and reproductions: computer discs; tapes; notes; electronic mail; analyses; computer data, files, records and printouts; correspondence; letters; memoranda; notebooks of any character; summaries or records of personal conversations; calendars; date books; diaries; reports; photographs; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; and other communications of any nature. Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original document, or any reproduction thereof, is to be considered a separate document for purposes of this request.

(e)  "Identify" or give the "identity" of, means:

(1)  In the case of a *natural person*, state that person's full name, race, last known business and residence addresses, telephone numbers, the occupation of the person during the time period covered by the discovery request, the person's employer, the person's title, and the relationship, if any, of that person to you.

(2)  In the case of a *business entity*, state its full name, its principal place of business, and the identity of the person or persons employed by, associated with, and/or at the company having knowledge of the matters with respect to which the entity is named.

(3)  In the case of a *document*, state the date of the event referred to in the document, the date the document was prepared, the author of the document, the name of the person who signed the document, the name of the person(s) who received the document (or copies thereof), the type of document (e.g., letter, memorandum, etc.), its present or last known location and custodian, and the substance of the document.

(4)  In the case of a *communication or event*, identify the person or persons present during the communication or event; the date, time, and location of the communication or event; and the general substance or purpose of the communication or event.

(f)  "Person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

(g) The terms "relate," "related to," "relating to," evidence," and "evidencing" each mean anything which refers to, reflects, embodies, constitutes, or is in any way legally, logically, factually or otherwise connected to, in whole or in part, the subject of the discovery request.

2

(h) "You" or "your" shall refer to the Defendant responding to this discovery, its counsel, and any consultants, experts, investigators, agents or other persons acting on its behalf.

C.     If any documents responsive to any request have been lost, mutilated or destroyed, or for some other reason are not in your possession, so state and identify each such document, and state to which request(s) the document(s) would have been responsive.

D.     If there are no documents in your possession, custody or control which are responsive to a particular request, so state in response to each such request.

E.     If any information or document falling within any description contained in any of the following requests is sought by you to be withheld under any asserted objection, including but not limited to any privilege or objection that the request is overbroad or unduly burdensome, you shall partially respond or partially produce such responsive documents to any extent that such response or production is not objectionable, and shall serve upon the undersigned attorneys for Plaintiff a written list of the withheld documents including the following information as to each such item:

(a) a description of the document or communication, including its length, the author or originator or sender, its location, and a general description of the subject matter;

(b) the date of the document or communication;

(c) the name and address of each person to whom the document, communication, or information, or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or otherwise copied; and

(d) a statement of the ground or grounds on which the response or production of such documents is considered objectionable.

F.     Each response to these discovery requests shall be supplemented as required by Fed. R. Civ. P. 26(e).

G.      For each Document Production Request to which Defendant produces documents, Defendant shall indicate in the text of its response which specific bates labeled documents are responsive to the particular Request.

## INTERROGATORIES

1.      Identify all individuals who contracted to provide delivery services, either in their individual capacity or through another entity, for Border Transfer in Massachusetts during the Relevant Time Period.  Please list every purported contractor by company name and by personal name, and every authorized driver, including the principal driver for such contractor and secondary drivers who provided delivery services for Border Transfer within the state of Massachusetts during the Relevant time Period, and for each such driver/contractor, provide the following information:

       a.      the dates that such contractor made deliveries for Border Transfer.

       b.      The number of trucks that each contractor utilized for making deliveries for Border Transfer listed by date of utilization;

       c.      The driver ID or number assigned to each driver;

       d.      The truck or contractor ID number for such truck that was driven and state whether the vehicle belonged to the delivery driver or was leased;

       e.      The Border Transfer customer each contractor was making deliveries for on each date of service.

**RESPONSE**:

2.      Identify all dispatchers, supervisors, and terminal managers that worked for Border Transfer in Massachusetts during the Relevant Time Period.  For each individual identified, provide the following information:

       a.      Job title;

      b.   Description of job duties;

      c.   Dates of employment with Border Transfer.

**RESPONSE**:

3.     Describe how Border Transfer compensated Plaintiffs and other delivery drivers during the Relevant Time Period, including but not limited to an explanation of whether the delivery drivers were compensated on a flat fee per delivery or hourly pay or other basis, and identify the reason for any deduction that might be taken out of that drivers' compensation when a per-delivery fee was due, the method by which Border Transfer tracked deliveries, and whether Border Transfer would pay for deliveries assigned, but not completed, and if the delivery was not completed, what would happen as a result to the contractor's compensation.

**RESPONSE**:

4.     Describe Border Transfer's policies and procedures regarding the maintenance of performance bond for each contractor, the procedure for making any deductions related to damage claims, whether such deductions were made from the weekly compensation of the contractor or from the performance bond, and how such policies and procedures have changed during the Relative Time Period.

**RESPONSE**:

5.     Identify and describe in detail Border Transfer's policies, practices, and/or procedures during the Relevant Time Period applicable to Plaintiffs and other delivery drivers, including without limitation policies for assigning and tracking the routes driven by delivery drivers, policies or practices regarding delivery drivers' appearance and use of uniforms, policies and practices regarding how delivery drivers were to mark or paint delivery trucks, and policies and practices concerning issuing discipline, suspensions or termination of delivery drivers.

**RESPONSE**:

6.      Explain in detail all procedures taken by Border Transfer to audit and/or evaluate the performance of delivery drivers.

**RESPONSE**:

7.      Identify every third-party company that provides paychecks, settlement checks or accounting services in determining the compensation of Border Transfer delivery drivers, and state the time period during which each company provided these services.

**RESPONSE**:

8.      Identify all individuals responsible for maintaining Border Transfer's payroll or compensation data concerning its delivery drivers during the Relevant Time Period.

**RESPONSE**:

9.      Describe in detail Border Transfer's policies, practices, capabilities and/or procedures during the Relevant Time Period for generating daily delivery manifests, including how delivery routes are constructed and assigned to individual drivers.

**RESPONSE**:

10.      Please identify any and all lawsuits, claims, grievances, administrative actions or charges, other than this lawsuit, brought by any person or entity (including the name of the court or agency, the docket number, the names of all parties and the date of the filing) against Defendants concerning Defendants' use of distributors including, without limitation, claims alleging violations of state or federal wage and hour laws.

**RESPONSE:**

11.      Describe any and all efforts undertaken by Defendants to learn and comply with the Massachusetts Wage Act and other state wage laws and regulations as they pertain to their

classification of delivery drivers who worked for Border Transfer in Massachusetts as independent contractors, including but not limited to identifying any and all time studies, analyses, interviews, etc., that Defendants completed or directed to be completed to determine whether the delivery drivers are properly classified as independent contractors under Massachusetts' ABC test.

**RESPONSE:**

12.     Describe in detail all training Border Transfer provides to its delivery drivers in Massachusetts..

**RESPONSE**:

13.     Describe in detail Border Transfer's policies, practices, and/or procedures during the Relevant Time Period for determining the pick-up and drop-off locations and times for each delivery, and policies and practices regarding whether delivery drivers could decline to make specific deliveries, and identify the individual(s) responsible for making those determinations.

**RESPONSE**:

14.     Describe in detail the relationship between Border Transfer of MA, Inc. and Border Transfer, Inc. and describe the services each one has provided and for whom (e.g. Sears) since 2002.

**RESPONSE**:

15.     For every compensation period (e.g., weekly or biweekly) for every contractor between June 1, 2013 and the present who made delivers on behalf of Border Transfer in Massachusetts, please describe:

        a.      The amount of compensation paid to such contractor.

   b.      An itemization of all deductions made for such contractor for each pay period including the reason for such deduction and the amount of such deduction.

   **RESPONSE**:

16.      For each such date for which there was a chargeback, damage claim, damage assessment, or in-home damage charge, list the amount of such charge, the reason for such charge, and the truck or driver involved in such delivery for which such charge was made.

   **RESPONSE**:

17.     Explain Broder Transfer's policies and procedures regarding any deductions that were made from the compensation paid to Plaintiffs, and the other class members, including reason for the deduction, the process Border Transfer utilized to determine the amount of the deduction, and how such deductions were designated in either Border Transfer's database or on the paychecks themselves, including but not limited to an explanation of deductions identified as "N/B," "PERF DEP," "PERF DEP WE," "PERF BOND RELEASE," "FINAL PERF DEP RELEASE," "TRUCK RENTAL," "CLAIM," CLAIM DEDUCTION" "UNIFORM," "UNIFORM DEDUCTION WE," "TRUCK DEDUCTION," "TRUCK DEDUCTION WE," and "BACKGROUND CK."

   **RESPONSE**:

18.     If Border Transfer contends that there were contractors who signed delivery service agreements on behalf of themselves or their companies, but who did not personally perform delivery services by either driving a truck or working on deliveries as a helper for certain periods of time, please list every such contractor/driver and the dates such individual did not personally provide such delivery services.

   **RESPONSE**:

8

19.     Please identify any experts that Border Transfer intends to use in this matter. Please state each expert's name, the subject upon which the expert is anticipated to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion of each expert.

**RESPONSE**:

20.     Please identify all persons whom Border Transfer intends to call as witnesses in this matter.

**RESPONSE**:

21.     Identify each corporate officer of Border Transfer during the Relevant Time Period, including Angela McCluskey, Patrick McCluskey, Donald Staniszewski, and Jill Remick, and describe their title, including the dates they have held that title, their duties at Border Transfer, and describe their involvement in developing and implementing Border Transfer's policy regarding how it classifies and compensates its delivery providers, and their involvement in the day-to-day operations of Border Transfer.

**RESPONSE**:


DATED:  March 17, 2017                    Respectfully Submitted,
                                          MARCOS DaSILVA, et al., individually
                                          and on behalf of all others similarly
                                          situated,
                                          By their attorneys,


                                            _/s/ Benjamin J. Weber_____
                                          Harold L. Lichten BBO# 549689
                                          Benjamin J. Weber BBO# 673736
                                          LICHTEN & LISS-RIORDAN, P.C.
                                          729 Boylston Street, Suite 2000
                                          Boston, MA 02116
                                          (617) 994 5800

hlichten@llrlaw.com
bweber@llrlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2017, I served the forgoing First Set of Interrogatories

on counsel for Defendant Border Transfer by regular and electronic mail.


    /s/ Benjamin J. Weber
Benjamin J. Weber
Attorney for Plaintiffs