UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCOS DaSILVA and MATTEUS FERREIRA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BORDER TRANSFER OF MA, INC.<br><br>Defendant. | Case No: 16-cv-11205-PBS |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**I.**
**GENERAL OBJECTIONS**

Border Transfer of Massachusetts, Inc. ("BTMI") objects to Plaintiffs' First Set of Interrogatories ("Interrogatories") on the following grounds:

    1.    <u>Attorney-Client Privilege</u>. BTMI objects to each Interrogatory to the extent that it seeks to discover information that is protected by the attorney-client privilege, including all documents and other tangible things which constitute or relate to confidential communications between or among BTMI and its attorneys.

    2.    <u>Work Product Doctrine</u>. BTMI objects to each Interrogatory to the extent that it seeks to discover information that falls within the work product doctrine, including the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of BTMI concerning this litigation.

-2-

3.  <u>Trial Preparation Materials</u>. BTMI objects to each Interrogatory to the extent that it seeks to discover information that was acquired or developed in anticipation of litigation, including those materials protected from discovery pursuant to Fed. R. Civ. P. 26(b)(3).

4.  <u>Objections to Definitions</u>.  BTMI objects to the definitions of "Communication" and "Document" to the extent they exceed the bounds of the Federal Rules of Civil Procedure. BTMI objects to the definition of "Identify" as overly broad in that it seeks to discovery information that is not relevant to this case and not proportional to the needs of this case. BTMI objects to the definition of "Person" as overly broad in that it seeks "agents or employees" of business entities. BTMI objects to the definition of "You" as overly broad to the extent it seeks to include persons or entities other than the named Defendant in this case. BTMI objects to the definition of "Relevant Time Period" as overly broad in temporal scope to the extent it seeks information falling outside the statute of limitations period for the claims brought by Plaintiffs.

5.  <u>Other Objections</u>. In providing this response to Plaintiffs' discovery request, BTMI does not waive or intend to waive:

    (a)   Objections as to competency, relevancy, materiality or admissibility;

    (b)   Rights to object on any grounds of the use of any responses herein in any subsequent proceedings, including the trial of this or any other actions;

    (c)   Objections as to vagueness and ambiguity; and

(d)   Rights to object further to this or any other further discovery request in this proceeding.

Subject to the foregoing terms, conditions and objections, BTMI responds to Plaintiffs' First Set of Interrogatories for Production as follows:

## II.
## INTERROGATORIES

1.   Identify all individuals who contracted to provide delivery services, either in their individual capacity or through another entity, for Border Transfer in Massachusetts during the Relevant Time Period. Please list every purported contractor by company name and by personal name, and every authorized driver, including the principal driver for such contractor and secondary drivers who provided delivery services for Border Transfer within the state of Massachusetts during the Relevant Time Period, and for each such driver/contractor, provide the following information:

      a.   the dates that such contractor made deliveries for Border Transfer;

      b.   The number of trucks that each contractor utilized for making deliveries for Border Transfer listed by date of utilization;

      c.   The driver ID or number assigned to each driver;

      d.   The truck or contractor ID number for such truck that was driven and state whether the vehicle belonged to the delivery driver or was leased;

      e.   The Border Transfer customer each contractor was making deliveries for on each date of service.

RESPONSE:  The total number of motor-carriers contracting with BTMI since June 23, 2013 is approximately 57. The Vendor ID numbers for each of these motor carriers are identified on BTM00203. BTMI services one customer in Massachusetts—Sears Logistics Services, Inc., which now goes by Innovel Solutions ("Innovel"). BTMI objects to providing information responsive to the remainder of this Interrogatory as it contemplates the provision of putative class members' identities, which is not required pre-certification.  *See* Senate Judiciary Report to Class Action Fairness Act of 2005, S.Rep. 109-114, at 44 (2005) ("It would in most cases be improper for the named Plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified."); *Dziennick v. Sealift, Inc.*, 2006 WL 1455464 (E.D.N.Y. May 23, 2006) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that Plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."). BTMI further objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. A class has not been certified in this case and may never be, so the claims are limited to those asserted by the named Plaintiffs and must be narrowly tailored. BTMI also objects to this Interrogatory to the extent it seeks private information related to individuals or business entities that are not parties to this litigation.

2.  Identify all dispatchers, supervisors, and terminal managers that worked for Border Transfer in Massachusetts during the Relevant Time Period. For each individual identified, provide the following information:

a.  Job title;

b.  Description of job duties;

c.  Dates of employment with Border Transfer.

RESPONSE: The chart below lists BTMI employees at the Westwood facility since June 23, 2013. Descriptions of job duties have been produced in response to Plaintiffs' First Set of Requests for Production of Documents. BTMI objects to this Interrogatory to the extent is seeks information outside the applicable statute of limitations period.

| NAME | POSITION | START DATE | TERMINATION DATE |
|---|---|---|---|
| Haefner, Cynthia | Part time – Admin | 03/03/12 | Active |
| Matos, Abe | Management | 02/24/13 | 12/29/13 |
| Calcote, Stephanie | Admin | 03/03/13 | 05/08/14 |
| Enrici, Mary | Admin | 03/03/13 | 03/17/14 |
| Livramento, Danilton | Supervisor | 03/03/13 | 03/14/15 |
| Alves, Arlindo | Sr Admin | 03/03/13 | 07/29/15 |
| Haefner, Joseph | Supervisor | 03/03/13 | Active |
| Donovan, Colby | Management | 07/16/13 | 03/02/14 |
| Concepcion, Maqiva | Admin | 08/16/13 | 10/11/13 |
| McLaughlin, Lindsey | Part time - Admin | 12/05/13 | 12/12/13 |
| Vizcarrondo, Jose | Admin | 12/23/13 | 01/14/14 |
| Matos, Rogerio | Management | 01/13/14 | Active |
| Santos, Michael | Admin | 03/06/14 | 09/15/15 |
| Pereira, Debora | Sr. Admin | 05/19/14 | 03/04/17 |
| Pereira, Maria | Admin | 07/12/14 | 02/03/15 |
| Cabral, Nuria | Admin | 03/24/15 | Active |
| Dowd, Kevin | Management | 03/30/15 | 06/06/15 |

| | | | |
|---|---|---|---|
| Ribeiro, Francisco | Admin | 06/29/15 | 07/08/15 |
| Harewood, Renald | Management | 08/02/15 | 12/24/16 |
| Delacruz, Desiree | Admin | 08/03/15 | 05/27/16 |
| Alves, Joao | Admin | 08/17/15 | 11/19/15 |
| Julsaint-Laurent, Minouche | Admin | 10/01/15 | 4/22/17 |
| Burden-Wade, Erica | Admin | 12/20/15 | 01/10/16 |
| Mullgrave, Donique | Admin | 05/23/16 | 08/18/16 |
| Houston, Lakeith | Admin | 07/25/16 | Active |
| Karch, Samantha | Admin | 10/03/16 | Active |
| Reyes, Albert | Management | 01/03/17 | Active |
| Schulenberger, Ilene | Supervisor | 04/10/17 | Active |

3. Describe how Border Transfer compensated Plaintiffs and other delivery drivers during the Relevant Time Period, including but not limited to an explanation of whether the delivery drivers were compensated on a flat fee per delivery or hourly pay or other basis, and identify the reason for any deduction that might be taken out of that drivers' compensation when a per-delivery fee was due, the method by which Border Transfer tracked deliveries, and whether Border Transfer would pay for deliveries assigned, but not completed, and if the delivery was not completed, what would happen as a result to the contractor's compensation.

RESPONSE: BTMI does not pay delivery drivers; rather, BTMI pays motor carriers pursuant to the terms of a Contract Carrier Agreement. The Contract Carrier Agreement specifies the payment terms for the motor carrier's services, including that certain payment terms may be negotiated between BTMI and the motor carrier. The contract between BTMI and Plaintiff DaSilva's company, Alpha Logistics Trucking, LLC, was produced as BTMI00067-000119.

4. Describe Border Transfer's policies and procedures regarding the maintenance of performance bond for each contractor, the procedure for making any deductions related to damage claims, whether such deductions were made from the weekly compensation of the contractor or from the performance bond, and how such policies and procedures have changed during the Relative Time Period.

RESPONSE: BTMI does not have policies and procedures regarding performance bonds. For an example of a motor carrier's agreement to provide a Performance Deposit pursuant to the Contract Carrier Agreement, *see* BTMI00067-000119 for information on Alpha Logistics Trucking, LLC's performance bond, the motor carrier Plaintiff DaSilva owned. In general, claims deductions are not currently taken from the performance bond, but were for portions of 2013 and 2014.

5. Identify and describe in detail Border Transfer's policies, practices, and/or procedures during the Relevant Time Period applicable to Plaintiffs and other delivery drivers, including without limitation policies for assigning and tracking the routes driven by delivery drivers, policies or practices regarding delivery drivers' appearance and use of uniforms, policies and practices regarding how delivery drivers were to mark or paint delivery trucks, and policies and practices concerning issuing discipline, suspensions or termination of delivery drivers.

RESPONSE: BTMI has no policies or practices for (1) assigning or tracking routes driven by delivery drivers; (2) delivery drivers' appearance and use of uniforms; (3) how delivery drivers were to mark or paint delivery trucks; or (4) disciplining, suspending, or terminating delivery drivers. There are customer

requirements as to uniform and appearance identified in *Appendix B* of the Contract Carrier Agreement, an example of which for Alpha Logistics Trucking, LLC was produced as BTMI00067-000119.

6. Explain in detail all procedures taken by Border Transfer to audit and/or evaluate the performance of delivery drivers.

RESPONSE: BTMI has no responsive information.

7. Identify every third-party company that provides paychecks, settlement checks or accounting services in determining the compensation of Border Transfer delivery drivers, and state the time period during which each company provided these services.

RESPONSE: BTMI has no responsive information as to delivery driver compensation. Since at least June 23, 2013, a third-party company, Fox River Accounting Services, LLC ("Fox River Services"), does provide accounting services to BTMI and issues settlement payments to motor carriers that BTMI contracts with pursuant to the Contract Carrier Agreement.

8. Identify all individuals responsible for maintaining Border Transfer's payroll or compensation data concerning its delivery drivers during the Relevant Time Period.

RESPONSE: BTMI has no responsive information as to delivery drivers. Since at least June 23, 2013, Fox River Services has provided accounting services to BTMI and issues settlement payments to motor carriers that BTMI contracts with pursuant to the Contract Carrier Agreement.

9. Describe in detail Border Transfer's policies, practices, capabilities and/or procedures during the Relevant Time Period for generating daily delivery manifests, including how delivery routes are constructed and assigned to individual drivers.

RESPONSE: Delivery manifests are provided by Innovel. BTMI typically receives the delivery manifest the night prior to when deliveries are to take place. Motor carriers may accept or reject the delivery manifests offered.

10. Please identify any and all lawsuits, claims, grievances, administrative actions or charges, other than this lawsuit, brought by any person or entity (including the name of the court or agency, the docket number, the names of all parties and the date of the filing) against Defendants concerning Defendants' use of distributors including, without limitation, claims alleging violations of state or federal wage and hour laws.

RESPONSE: BTMI has no responsive information.

11. Describe any and all efforts undertaken by Defendants to learn and comply with the Massachusetts Wage Act and other state wage laws and regulations as they pertain to their classification of delivery drivers who worked for Border Transfer in Massachusetts as independent contractors, including but not limited to identifying any and all time studies, analyses, interviews, etc., that Defendants completed or directed to be completed to determine whether the delivery drivers are properly classified as independent contractors under Massachusetts' ABC test.

RESPONSE: BTMI, which contracts with motor carriers as independent contractors, has no responsive information to this Interrogatory.

12. Describe in detail all training Border Transfer provides to its delivery drivers in Massachusetts.

RESPONSE: BTMI has no responsive information to this Interrogatory.

13. Describe in detail Border Transfer's policies, practices, and/or procedures during the Relevant Time Period for determining the pick-up and drop-off locations and times for each delivery, and policies and practices regarding whether delivery drivers could decline to make specific deliveries, and identify the individual(s) responsible for making those determinations.

RESPONSE: BTMI does not determine the delivery locations or times for delivery. Motor carriers contracting with BTMI may decline delivery manifests and, if accepted, the motor carrier may assign the route to a second driver employed by that motor carrier, if applicable.

14. Describe in detail the relationship between Border Transfer of MA, Inc. and Border Transfer, Inc. and describe the services each one has provided and for whom (e.g. Sears) since 2002.

RESPONSE: BTMI was formed in 2011 to provide services under contract with Sears out of the facility in Westwood, MA. BTMI objects to providing information responsive to the remainder of this Interrogatory as it seeks private information related to business entities that are not parties to this litigation. In particular, Border Transfer, Inc. is not a party to this litigation and information regarding Border

Transfer, Inc. is irrelevant and not proportional to the needs of the case. BTMI further objects to this Interrogatory as overly broad in that it seeks information dating back to 2002, which is over ten years prior to the beginning of the statute of limitations period in this case.

15. For every compensation period (e.g., weekly or biweekly) for every contractor between June 1, 2013 and the present who made delivers on behalf of Border Transfer in Massachusetts, please describe:

   a. The amount of compensation paid to such contractor.

   b. An itemization of all deductions made for such contractor for each pay period including the reason for such deduction and the amount of such deduction.

RESPONSE: BTMI has produced deduction data for motor carriers it contracts with at the Westwood facility at BTM000203. BTMI objects to providing additional information as to "the reason for such charge" as requested in subsection (b) and "the amount of compensation" as requested in subsection (a) because the request is not proportional to the needs of the case.

16. For each such date for which there was a chargeback, damage claim, damage assessment, or in-home damage charge, list the amount of such charge, the reason for such charge, and the truck or driver involved in such delivery for which such charge was made.

RESPONSE: BTMI has produced deduction data for motor carriers it contracts with at the Westwood facility at BTM000203. The deduction data reflects information

for each motor carrier BTMI contracted with to provide motor carrier services out of the Westwood facility; BTMI does not have records of "the truck or driver involved in such delivery for which such charge was made." BTMI objects to providing additional information as to "the reason for such charge" because the request is not proportional to the needs of the case.

17. Explain Border Transfer's policies and procedures regarding any deductions that were made from the compensation paid to Plaintiffs, and the other class members, including reason for the deduction, the process Border Transfer utilized to determine the amount of the deduction, and how such deductions were designated in either Border Transfer's database or on the paychecks themselves, including but not limited to an explanation of deductions identified as "N/B," "PERF DEP," "PERF DEP WE," "PERF BOND RELEASE," "FINAL PERF DEP RELEASE," "TRUCK RENTAL," "CLAIM," CLAIM DEDUCTION" "UNIFORM," "UNIFORM DEDUCTION WE," "TRUCK DEDUCTION," "TRUCK DEDUCTION WE," and "BACKGROUND CK."

RESPONSE: The Contract Carrier Agreements between BTMI and motor carriers specify compensation and deduction details. The contract between BTMI and Plaintiff DaSilva's company, Alpha Logistics Trucking, LLC, is produced in response to Plaintiffs' First Set of Requests for Production of Documents. The terms listed in the Interrogatory have the following meanings:

N/B – No Bill
PERF DEP – Performance Deposit
PERF DEP WE – Performance Deposit Weekending
PERF BOND RELEASE – Performance Deposit/Bond Release

FINAL PERF DEP RELEASE – Final Performance Deposit/Bond Release
TRUCK RENTAL – Truck Rental
CLAIM – Claim Deduction
CLAIM DEDUCTION – Claim Deduction
UNIFORM – Uniform Deduction
UNIFORM DEDUCTION WE – Uniform Deduction Weekending
TRUCK DEDUCTION – Truck Deduction
TRUCK DEDUCTION WE – Truck Deduction Weekending
BACKGROUND CK – Background Check

BTMI objects to the remainder of this Interrogatory as duplicative of prior discovery requests. BTMI further objects to the remainder of this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. A class has not been certified in this case and may never be, so the claims are limited to those asserted by the named Plaintiffs and must be narrowly tailored.

18.   If Border Transfer contends that there were contractors who signed delivery service agreements on behalf of themselves or their companies, but who did not personally perform delivery services by either driving a truck or working on deliveries as a helper for certain periods of time, please list every such contractor/driver and the dates such individual did not personally provide such delivery services.

RESPONSE:   The following motor carriers contracted with BTMI yet the individual who owned/operated the motor carrier business did not personally provide delivery services during all dates which the motor carrier business contracted with BTMI:

Chantre Delivery, LLC
Excelsior Trucking, LLC
H&L LLC

Jose Pinto Trucking, Inc.
Citie Trucking, LLC
JR & Son Transportation, LLC.
Lunakev Delivery, LLC
Miami Transportation, LLC
Olifore Delivery, LLC
Ordonez Trucking, LLC
Rocha Trucking, LLC
Tadz Delivery, Inc.

19. Please identify any experts that Border Transfer intends to use in this matter. Please state each expert's name, the subject upon which the expert is anticipated to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion of each expert.

RESPONSE: BTMI has not identified experts in this matter at this time. BTMI reserves the right to do so as trial in this matter approaches, and will provide all required information consistent with any expert disclosure requirements ordered by the Court.

20. Please identify all persons whom Border Transfer intends to call as witnesses in this matter.

RESPONSE: BTMI has not identified all witnesses in this matter at this time. BTMI reserves the right to do so as trial in this matter approaches, and will provide all required information consistent with any witness disclosure requirements ordered by the Court.

21. Identify each corporate officer of Border Transfer during the Relevant Time Period, including Angela McCluskey, Patrick McCluskey, Donald Staniszewski, and Jill Remick, and describe their title, including the dates they have held that title,

their duties at Border Transfer, and describe their involvement in developing and implementing Border Transfer's policy regarding how it classifies and compensates its delivery providers, and their involvement in the day-to-day operations of Border Transfer.

RESPONSE: BTMI objects to this Interrogatory as overly broad, irrelevant, not proportional to the needs of the case, and intended solely to harass and annoy corporate officers of BTMI.

I BELIEVE, BASED ON REASONABLE INQUIRY, THAT THE FOREGOING ANSWERS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

BORDER TRANSFER OF MA, INC.

By: _Donald E Remigereuk_ (signature)

Title: VICE PRESIDENT

Date: 6/7/2017

Dated: June 8, 2017          Respectfully submitted,

/s/ Paul D. Root
_____
Andrew J. Butcher, Admitted *Pro Hac Vice*
abutcher@scopelitis.com
Adam C. Smedstad, Admitted *Pro Hac Vice*
asmedstad@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
Phone: (312) 255-7200

Paul D. Root, Admitted *Pro Hac Vice*
proot@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: (317) 637-1777

Judith A. Leggett, BBO #635346
Judith@LeggettLawFirm.com
LEGGETT LAW FIRM, LLC
7 Tower Circle, Suite 2
Avon, MA 02322
Phone: (617) 780-7163

*Attorneys for Defendant*
Border Transfer of MA, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 8, 2017, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served by e-mail and U.S. Mail, postage prepaid on the following counsel of record:

Harold L. Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
hlichten@llrlaw.com
bweber@llrlaw.com

_____
Paul D. Root

4825-1027-2069, v. 3