# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCOS DaSILVA and MATTEUS FERREIRA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BORDER TRANSFER OF MA, INC.<br><br>Defendant. | Case No: 16-cv-11205-PBS |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Border Transfer of Massachusetts, Inc. ("BTMI") hereby submits its supplemental objections and answers to Plaintiffs' First Set of Interrogatories ("Interrogatories") as follows:

## I.
## GENERAL OBJECTIONS

Border Transfer of Massachusetts, Inc. ("BTMI") further objects to Plaintiffs' First Set of Interrogatories ("Interrogatories") on the following grounds:

1. <u>Attorney-Client Privilege</u>. BTMI objects to each Interrogatory to the extent that it seeks to discover information that is protected by the attorney-client privilege, including all documents and other tangible things which constitute or relate to confidential communications between or among BTMI and its attorneys.

2. <u>Work Product Doctrine</u>. BTMI objects to each Interrogatory to the extent that it seeks to discover information that falls within the work product doctrine,

including the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of BTMI concerning this litigation.

3.  Trial Preparation Materials. BTMI objects to each Interrogatory to the extent that it seeks to discover information that was acquired or developed in anticipation of litigation, including those materials protected from discovery pursuant to Fed. R. Civ. P. 26(b)(3).

4.  Objections to Definitions.  BTMI objects to the definitions of "Communication" and "Document" to the extent they exceed the bounds of the Federal Rules of Civil Procedure. BTMI objects to the definition of "Identify" as overly broad in that it seeks to discovery information that is not relevant to this case and not proportional to the needs of this case. BTMI objects to the definition of "Person" as overly broad in that it seeks "agents or employees" of business entities. BTMI objects to the definition of "You" as overly broad to the extent it seeks to include persons or entities other than the named Defendant in this case. BTMI objects to the definition of "Relevant Time Period" as overly broad in temporal scope to the extent it seeks information falling outside the statute of limitations period for the claims brought by Plaintiffs.

5.  Other Objections. In providing this response to Plaintiffs' discovery request, BTMI does not waive or intend to waive:

    (a)  Objections as to competency, relevancy, materiality or admissibility;

(b) Rights to object on any grounds of the use of any responses herein in any subsequent proceedings, including the trial of this or any other actions;

(c) Objections as to vagueness and ambiguity; and

(d) Rights to object further to this or any other further discovery request in this proceeding.

Subject to the foregoing terms, conditions and objections, BTMI further responds to Plaintiffs' First Set of Interrogatories for Production as follows:

## II.
## INTERROGATORIES

1. Identify all individuals who contracted to provide delivery services, either in their individual capacity or through another entity, for Border Transfer in Massachusetts during the Relevant Time Period. Please list every purported contractor by company name and by personal name, and every authorized driver, including the principal driver for such contractor and secondary drivers who provided delivery services for Border Transfer within the state of Massachusetts during the Relevant Time Period, and for each such driver/contractor, provide the following information:

    a. the dates that such contractor made deliveries for Border Transfer;

    b. The number of trucks that each contractor utilized for making deliveries for Border Transfer listed by date of utilization;

    c. The driver ID or number assigned to each driver;

    d. The truck or contractor ID number for such truck that was driven and state whether the vehicle belonged to the delivery driver or was

       leased;

       e.   The Border Transfer customer each contractor was making deliveries for on each date of service.

RESPONSE: The total number of motor-carriers contracting with BTMI since June 23, 2013 is approximately 57. The Vendor ID numbers for each of these motor carriers are identified on BTM00203. BTMI services one customer in Massachusetts—Sears Logistics Services, Inc., which now goes by Innovel Solutions ("Innovel"). BTMI objects to providing information responsive to the remainder of this Interrogatory as it contemplates the provision of putative class members' identities, which is not required pre-certification. *See* Senate Judiciary Report to Class Action Fairness Act of 2005, S.Rep. 109-114, at 44 (2005) ("It would in most cases be improper for the named Plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified."); *Dziennick v. Sealift, Inc.*, 2006 WL 1455464 (E.D.N.Y. May 23, 2006) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that Plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."). BTMI further objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. A class has not been certified in this case and may never be, so the claims are limited to those asserted by the named Plaintiffs and

must be narrowly tailored. BTMI also objects to this Interrogatory to the extent it seeks private information related to individuals or business entities that are not parties to this litigation.

SUPPLEMENTAL RESPONSE: BTMI objects to this Interrogatory as overly broad and not proportional to the needs of the case in that it seeks information regarding individuals who are not members of the certified class. BTMI further objects to this Interrogatory as vague and ambiguous as to the undefined term "principle driver" for each contractor. BTMI further objects to this Interrogatory due to the unequivocal representation of Plaintiffs' counsel made to the Court during the hearing on Plaintiffs' Motion for Class Certification that Plaintiffs have already obtained all of the discovery needed, both class and merits. Subject to and without waiving these objections, BTMI will respond to this Interrogatory by providing information regarding the certified class consisting of "All individuals who 1) entered into a Contract Carrier Agreement (or similar agreement) directly or through a business entity; 2) personally provided delivery services for [BTMI] on a full-time basis in Massachusetts (at least 40 hours per week); and 3) who were classified as independent contractors, at any time since June 23, 2013," Class Cert. Order p. 33 (ECF No. 95), with the caveat that some of the individuals for which BTMI will provide information responsive to this Interrogatory might not be members of the certified class for the entire class period (because they personally provided delivery services for only a portion of the class period) or might not be members of the class for any portion of the class period because they did not do so "on a full-time basis" as

required by the class definition.

Subject to this qualification, 43 motor-carriers contracted with BTMI since June 23, 2013, and personally performed services. BTMI will provide a list of these contractors with company names, personal names, vendor ID numbers, and the date range in which each contractor was under contract with BTMI. BTMI services one customer in Massachusetts—Sears Logistics Services, Inc., which now goes by Innovel Solutions ("Innovel"). BTMI does not possess information regarding the number of trucks utilized by each contractor. BTMI does not possess information regarding how contractors came to possess trucks used for delivery services.

15.   For every compensation period (e.g., weekly or biweekly) for every contractor between June 1, 2013 and the present who made delivers on behalf of Border Transfer in Massachusetts, please describe:

    a.   The amount of compensation paid to such contractor.

    b.   An itemization of all deductions made for such contractor for each pay period including the reason for such deduction and the amount of such deduction.

RESPONSE: BTMI has produced deduction data for motor carriers it contracts with at the Westwood facility at BTM000203. BTMI objects to providing additional information as to "the reason for such charge" as requested in subsection (b) and "the amount of compensation" as requested in subsection (a) because the request is not proportional to the needs of the case.

SUPPLEMENTAL RESPONSE: BTMI objects to this Interrogatory due to the unequivocal representation of Plaintiffs' counsel made to the Court during the hearing on Plaintiffs' Motion for Class Certification that Plaintiffs have already obtained all of the discovery needed, both class and merits. Subject to and without waiving these objections, BTMI will produce an excel spreadsheet of settlement pay and deduction information for motor carriers it has contracted with at the Westwood facility and who are not absentee contractors.

16. For each such date for which there was a chargeback, damage claim, damage assessment, or in-home damage charge, list the amount of such charge, the reason for such charge, and the truck or driver involved in such delivery for which such charge was made.

RESPONSE: BTMI has produced deduction data for motor carriers it contracts with at the Westwood facility at BTM000203. The deduction data reflects information for each motor carrier BTMI contracted with to provide motor carrier services out of the Westwood facility; BTMI does not have records of "the truck or driver involved in such delivery for which such charge was made." BTMI objects to providing additional information as to "the reason for such charge" because the request is not proportional to the needs of the case.

SUPPLEMENTAL RESPONSE: BTMI objects to this Interrogatory due to the unequivocal representation of Plaintiffs' counsel made to the Court during the hearing on Plaintiffs' Motion for Class Certification that Plaintiffs have already

obtained all of the discovery needed, both class and merits. Subject to and without waiving these objections, BTMI will produce an excel spreadsheet of deduction information for motor carriers it has contracted with at the Westwood facility and who are not absentee contractors. The deduction data reflects information for each motor carrier BTMI contracted with to provide motor carrier services out of the Westwood facility; BTMI does not have records of "the truck or driver involved in such delivery for which such charge was made." BTMI objects to providing additional information as to "the reason for such charge" because the request is not proportional to the needs of the case.

Case 1:16-cv-11205-PBS Document 116-3 Filed 10/26/18 Page 9 of 11

I BELIEVE, BASED ON REASONABLE INQUIRY, THAT THE FOREGOING ANSWERS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

BORDER TRANSFER OF MA, INC.

By: *Donald E. Janisiewicz* [signature]

Title: VICE PRESIDENT

Date: May 11, 2018

-9-

Dated: May 16, 2018

Respectfully submitted,

*/s/ Paul D. Root*

Andrew J. Butcher, Admitted *Pro Hac Vice*
abutcher@scopelitis.com
Adam C. Smedstad, Admitted *Pro Hac Vice*
asmedstad@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
Phone:     (312) 255-7200

Paul D. Root, Admitted *Pro Hac Vice*
proot@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone:     (317) 637-1777

Judith A. Leggett, BBO #635346
Judith@LeggettLawFirm.com
LEGGETT LAW FIRM, LLC
7 Tower Circle, Suite 2
Avon, MA 02322
Phone:     (617) 780-7163

*Attorneys for Defendant*
Border Transfer of MA, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2018, a true and correct copy of the foregoing **DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served by e-mail and U.S. Mail, postage prepaid on the following counsel of record:

Harold L. Lichten
Benjamin J. Weber
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
hlichten@llrlaw.com
bweber@llrlaw.com

_____
Paul D. Root

4852-1422-1413, v. 1